# EXHIBIT A

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

MICHAEL GIUFFRIDA
Plaintiff

vs.

Case Number 2017 CA 000869 B

UNIVEST CONSTRUCTION, INC.
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Scott Perry
Name of Plaintiff's Attorney

2300 Wilson Blvd Suite 240
Address

Arlington, VA 22201

703-251-6650
Telephone

*Clerk of the Court*

By [signature]
Deputy Clerk

Date 02/13/2017

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

Filed
D.C. Superior Court
02/09/2017 16:48PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MICHAEL GIUFFRIDA<br>1609 35th Street, NW<br>Washington, DC 20007<br><br>Plaintiff,<br><br>v.<br><br>TOWN SPORTS INTERNATIONAL, LLC<br>d/b/a Washington Sports Clubs<br>2551 Wisconsin Avenue, NW<br>Washington, DC 20007<br>Serve:<br>CT Corporation System<br>1015 15th Street, N.W., Suite 1000<br>Washington, DC 20005<br><br>and<br><br>UNIWEST CONSTRUCTION INC.<br>8191 Strawberry Lane, Suite 3<br>Falls Church, VA 22042<br>Serve:<br>Michael D. Collier<br>8191 Strawberry Lane, Suite 3<br>Falls Church, VA 22042<br><br>Defendants. | 2017 CA 000869 B<br><br>Civil Action No. __________<br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Michael Giuffrida, by counsel Perry Charnoff PLLC, moves this Honorable Court for judgment against the Defendants on the grounds and in the amounts set forth below.

1. Jurisdiction of this Court is invoked pursuant to D.C. Code §11-921 and §13-423.

2. Plaintiff Michael Giuffrida is an adult resident of the District of Columbia.

3. Defendant Town Sports International. LLC d/b/a Washington Sports Clubs ("WSC") is a limited liability company that owns and operates fitness centers in and around Washington. D.C.

4. Defendant Uniwest Construction, Inc. ("Uniwest") is an incorporated business that engages in commercial construction in and around Washington. D.C.

5. In October 2015. Mr. Giuffrida was a member of WSC.

6. On or about October 30, 2015, Mr. Giuffrida was working out at the WSC located at 2551 Wisconsin Avenue, N.W., Washington, DC 20005 (the "Glover Park gym").

7. On or about October 30, 2015, the Glover Park gym was undergoing renovation and improvements.

8. WSC had engaged Uniwest to perform the renovation and improvements.

9. WSC chose to keep the Glover Park gym open to gym members during the renovation and improvements.

10. Uniwest chose to perform the renovation and improvements while the Glover Park gym was open to its members.

11. WSC and Uniwest utilized some sort of tarp to separate the area where renovation and improvements were occurring from the area where gym members were working out.

12. WSC and Uniwest provided no other protection to keep gym members safe during the renovation and improvements.

13. WSC and Uniwest provided no sound barrier or sound protection to prevent the loud noise from the construction from injuring gym members.

14. WSC and Uniwest provided gym members with no warning, either in writing or verbally, that loud noises, which could cause injury, would occur while gym members were working out.

15. As Mr. Giuffrida began his workout by lifting two dumbbells off the rack, an extremely loud noise suddenly came from the area behind the tarp.

16. The noise was a grinding or crunching sound like would be heard when industrial equipment cuts through metal.

17. The noise caused immediate pain in Mr. Giuffrida's right ear, which was closest to the tarp.

18. As soon as he could safely do so, Mr. Giuffrida dropped the dumbbells and moved away from the sound.

19. Shortly thereafter while still in the gym, Mr. Giuffrida's right ear began throbbing and he felt a "full" feeling in his ear.

20. Mr. Giuffrida immediately left the gym.

21. Shortly after Mr. Giuffrida arrived home, he lost all hearing in his right ear.

22. Mr. Giuffrida is now deaf in his right ear.

23. Despite medical treatment, including the installation of hearing implants, Mr. Giuffrida remains permanently deaf in his right ear.

24. Mr. Giuffrida, 48, is a business owner whose business requires that he obtain new clients through personal interaction.

25. Mr. Giuffrida's business has been affected and will continue to be affected by his right-ear deafness.

26. Mr. Giuffrida is married and is the father of four minor-aged daughters.

27. Mr. Giuffrida's relationship with his wife and daughters have been affected and will continue to be affected by his right-ear deafness.

**COUNT I**
**(Negligence of WSC)**

28. Plaintiff incorporate all paragraphs stated above.

29. As an invitee lawfully on WSC's property, WSC owed a duty of reasonable care to Mr. Giuffrida.

30. As a WSC gym member, WSC owed a duty of reasonable care to Mr. Giuffrida.

31. WSC breached its duty of care owed to Mr. Giuffrida in that it:

a. failed to close the gym during renovation and improvements;

b. failed to perform renovation and improvements during non-member hours;

c. failed to erect sound control barriers to avoid injury to gym members;

d. failed to erect proper or sufficient equipment to keep gym members reasonably safe during renovation and improvements;

e. failed to designate an area for gym members that was far enough away from renovation and improvements to avoid injury;

f. failed to post signs, verbally warn, and/or otherwise warn gym members such as Mr. Giuffrida that the renovation and improvements involved the use of machinery/equipment that could cause injury to him;

g. failed to inspect the premises for dangerous defects such as the use of loud construction machines in proximity to gym members;

h. failed to discover the dangerous defect, which was the use of loud construction machines in proximity to gym members; and

i. was otherwise negligent.

32. As a direct and proximate result of the above-described negligence. Mr. Giuffrida has suffered and will continue to suffer permanent injuries and damages including right-ear deafness.

33. As a direct and proximate result of the above-described negligence. Mr. Giuffrida has incurred and will continue to incur medical expenses, and has suffered and will continue to suffer physical pain and mental anguish, and other economic and non-economic damages recoverable under law.

WHEREFORE, Plaintiff Michael Giuffrida demands judgment against WSC, jointly and severally, in the amount of $3 million and for all other relief deemed just and proper.

**COUNT II**
**(Negligence of Uniwest)**

34. Plaintiff incorporate all paragraphs stated above.

35. Uniwest, which knew that gym members such as Mr. Giuffrida would be working out at the gym during Uniwest's renovation and improvements, owed a duty of reasonable care to Mr. Giuffrida.

36. Uniwest breached its duty of care to Mr. Giuffrida in that it:

a. failed to close the gym during renovation and improvements;

b. failed to perform renovation and improvements during non-member hours;

c. failed to erect sound control barriers to avoid injury to gym members;

d. failed to erect proper and sufficient equipment to keep gym members reasonably safe during renovation and improvements;

e. failed to post signs, verbally warn, and/or otherwise warn gym members such as Mr. Giuffrida that the renovation and improvements involved the use of machinery/equipment that could cause injury to him;

f. used machinery/equipment that caused noise at a sound level higher than is reasonable in an enclosed area without ear protection;

g. failed to offer or provide ear protection to Mr. Giuffrida prior to using the loud machinery/equipment; and

h. was otherwise negligent.

37. As a direct and proximate result of the above-described negligence, Mr. Giuffrida has suffered and will continue to suffer permanent injuries and damages including right-ear deafness.

38. As a direct and proximate result of the above-described negligence Mr. Giuffrida has incurred and will continue to incur medical expenses, and has suffered and will continue to suffer physical pain and mental anguish, and other economic and non-economic damages recoverable under law.

WHEREFORE, Plaintiff Michael Giuffrida demands judgment against Uniwest, jointly and severally, in the amount of $3 million and for all other relief deemed just and proper.

**COUNT III**
**(Respondeat Superior Liability -WSC)**

39. Plaintiff hereby incorporates by reference all previous paragraphs.

40. WSC hired Uniwest to perform the renovation and improvements at the Glover Park gym.

41. WSC exercised sufficient control over Uniwest to impose respondeat superior liability.

42. Such control included, but was not limited to, directing Uniwest to perform construction while the gym was open to members and directing Uniwest to perform construction without providing adequate protection to gym members such as barriers and ear protection.

43 Respondeat superior liability may also be imposed on WSC because the renovation and improvements was a non-delegable duty as it involved inherently dangerous activity.

44. Inherently dangerous activity includes activities that are dangerous in the circumstances in which they are performed.

45. Performing construction work using commercial machines in an area adjacent to gym members is an inherently dangerous activity.

46. As a direct result of the above-described negligence of the Defendants, Mr. Giuffrida has suffered, and will continue to suffer, permanent injuries.

47. As a direct and proximate result of the Defendants' above-described negligence, Mr. Giuffrida has suffered, and will continue to suffer, medical expenses, pain, suffering, and mental anguish, and all other economic and non-economic damages recoverable under law.

WHEREFORE, Plaintiff Michael Giuffrida demands judgment against the Defendants, jointly and severally, in the amount of $3 million and for all other relief deemed just and proper.

Respectfully submitted,

PERRY CHARNOFF PLLC

_/s/ Scott M. Perry____________
Scott M. Perry (#459841)
Mikhael D. Charnoff (#476582)
2300 Wilson Boulevard, Suite 240
Arlington, VA 22201
P: (703) 291-6650
F: (703) 563-6692
scott@PerryCharnoff.com
mike@PerryCharnoff.com
*Counsel for Plaintiff*

Plaintiff demands a trial by jury.

_/s/ Scott M. Perry__________
Scott M. Perry